**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

SEP 15 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

NANCY CAROLYN WOOD,

        Plaintiff - Appellant,

   v.

CITY OF GARDEN GROVE; et al.,

        Defendants - Appellees.

No. 07-56600

D.C. No. CV-04-00282-DOC

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
David O. Carter, District Judge, Presiding

Submitted May 13, 2010[**]
San Francisco, California

Before: HUG, BEEZER and HALL, Circuit Judges.

    Plaintiff-appellant Nancy C. Wood ("Wood") appeals pro se from (1) the

district court's grant of summary judgment in favor of defendants-appellees the

City of Garden Grove, the Garden Grove Police Department, Perkins, Polisar and

---

    [*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

    [**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Whitman and (2) the dismissal of her complaint as to the remaining defendants-appellees. The district court adopted the magistrate judge's report and recommendation, concluding that Wood's Third Amended Complaint consisted solely "of a mixture of irrelevant facts, rambling sentences and confusing allegations" that failed to state a claim upon which relief could be granted.

We have jurisdiction over this matter pursuant to 28 U.S.C. § 1291, and we affirm.

The facts of this case are known to the parties. We repeat them only as necessary.

**I**

We review de novo a district court's grant of a motion to dismiss under Rule 12(b)(6). *Edwards v. Marin Park, Inc.*, 356 F.3d 1058, 1061 (9th Cir. 2004). In gauging the appropriateness of a 12(b)(6) dismissal, we read the complaint in the light most favorable to the non-moving party. *Associated Gen. Contractors v. Metro. Water Dist.*, 159 F.3d 1178, 1181 (9th Cir. 1998). Conclusory allegations of law, however, are "not sufficient to defeat a motion to dismiss." *Id*.

We also review a grant of summary judgment de novo. *Avalos v. Baca*, 596 F.3d 583, 587 (9th Cir. 2010).

## II

The district court properly dismissed all of Wood's claims against the defendants and granted summary judgment to the Garden Grove defendants.

With regard to the false arrest, retaliatory arrest, unlawful search, false imprisonment and malicious prosecution claims, the record indicates that, for the one specific arrest that Wood alleges, the police officer had probable cause to arrest Wood, having caught her in the act of panhandling. *See Cabrera v. Huntington Park*, 159 F.3d 374, 380 (9th Cir. 1998).

Likewise, Wood's excessive force claim was properly dismissed because any force used to arrest Wood was de minimis and necessary. Neither the flash of the booking camera nor the possibility that she was struck by the booking camera while having a seizure amounts to excessive force because Wood provides no evidence of any injury. *Saucier v. Katz*, 533 U.S. 194, 208–09 (2001) (overturned on other grounds).

Wood's claim that she suffered a Constitutional violation by an alleged strip search is similarly uncompelling. Besides her own inconsistent testimony, all of the evidence in the case indicates that this alleged strip search never took place. *See Devereaux v. Abbey*, 263 F.3d 1070, 1076 (9th Cir. 2001).

Wood's conspiracy claim also fails because Wood has provided only bare and highly conclusory allegations of a conspiracy. *See Woodrum v. Woodward County*, 866 F.2d 1121, 1126 (9th Cir. 1989).

The district court also properly granted summary judgment as to Wood's *Monell* claim. As discussed above, there was no injury to Wood and no Constitutional violation. Her claim for *Monell* liability thus automatically fails. *Gibson v. County of Washoe*, 290 F.3d 1175, 1185–86 (9th Cir. 2002).

Finally, Wood's contention that Garden Grove Municipal Code § 8.78.010(B) infringes upon her First Amendment right to freedom of speech is entirely frivolous. This provision of the Municipal Code serves to restrict solicitation in the "public right-of-way," including streets, highways and sidewalks. The section is content neutral, narrowly tailored to address road safety issues and the Ninth Circuit has upheld similar provisions in the past. *See Acorn v. City of Phoenix*, 798 F.2d 1260, 1267–68 (9th Cir. 1986).

### III

Wood's remaining arguments are without merit.

**AFFIRMED.**